UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

HELEN SWARTZ, Individually, :
:
      Plaintiff, :
vs. :
: Case No.
SHANER HOTEL GROUP LIMITED :
PARTNERSHIP, a Delaware Limited Partnership, :
:
      Defendant. :
_____/

# COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, HELEN SWARTZ, Individually, on her behalf and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, SHANER HOTEL GROUP LIMITED PARTNERSHIP, a Delaware Limited Partnership d/b/a The Art Ovation Hotel (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

## COUNT I

1. Plaintiff, Helen Swartz, is an individual residing in Miami, FL, in the County of Sarasota.

2. Defendant's property, The Art Ovation Hotel, is located at 1255 North Palm Avenue, Sarasota, FL, in the County of Sarasota.

3. Venue is properly located in the Middle District of Florida because venue lies in the judicial district of the property situs. The Defendant's property is located in and the Defendant does business within this judicial district.

1

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202. The Court has supplemental jurisdiction over the State Law Claims, pursuant to 28 U.S.C. 1367.

5. Plaintiff Helen Swartz is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Helen Swartz suffers from multiple sclerosis. She was diagnosed twenty years ago and as a result of losing her ability to ambulate, she uses a mobility scooter. The Plaintiff visits Sarasota from time to time to socialize with friends, to dine and to shop.

6. Helen Swartz visited the property which forms the basis of this lawsuit from January 20 through January 21, 2021, and has reservations to return to the Hotel from August 12 through August 13, 2021, to visit with old high school friends from Glen Cove and Sag Harbor who now live in the Sarasota area. Ms. Swartz also wishes to avail herself of the goods and services available at the property, and to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

7. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as The Art Ovation Hotel, and is located at 1255 North Palm Avenue, Sarasota, FL.

8. Helen Swartz has a realistic, credible, existing and continuing threat of

discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 10 of this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant. Helen Swartz desires to visit The Art Ovation Hotel, not only to avail herself of the goods and services available at the property, but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

9. The Defendant has discriminated against the individual Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

10. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of The Art Ovation Hotel has shown that violations exist. These violations that Helen Swartz has personally encountered or observed, and which were verified by an ADA expert, include, but are not limited to:

    a. The accessible portion of the check-in counter does not extend the same depth as the sales or service countertop. This is in violation of section 904.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the Plaintiff access to the facility.

    b. Accessible seating at the dining tables and bars around the hotel buildings are not provided to a person using a wheelchair. This is in violation of sections 226, 902 of the 2010 Standards for Accessible Design. This condition made difficult for the Plaintiff access the tables and bars and none of them are accessible; 28 CFR §36.201, §36.202, §36.304.

   c.  The seating at the concierge desk does not offer seats with a back. This is in violation of section 903.4 of the 2010 Standards for Accessible Design. This condition made difficult for the Plaintiff to sit at the desk; 28 CFR §36.201, §36.202, §36.304.

   d.  In the lobby bathroom an object is mounted to close to the rear grab bar that is above the water closet in the accessible compartment. This is in violation of section 609.3 of the 2010 Standards for Accessible Design. This condition made difficult for the Plaintiff access the facility; 28 CFR §36.201, §36.202, §36.304.

   e.  In the lobby bathroom the toilet paper dispenser is not mounted in front of the accessible water closet. This is in violation of section 604.7 of the 2010 Standards for Accessible Design. This condition made difficult for the Plaintiff access the facility; 28 CFR §36.201, §36.202, §36.304.

   f.  The opening of the baby changer in the lobby accessible toilet compartment is out of reach to a person in a wheelchair. This is in violation of section 309 of the 2010 Standards for Accessible Design. This condition made difficult for the Plaintiff access the facility; 28 CFR §36.201, §36.202, §36.304.

   g.  The hook on the accessible compartment door in the lobby bathroom is out of reach to a person in a wheelchair. This is in violation of section 603.4 of the 2010 Standards for Accessible Design. This condition made difficult for the Plaintiff access the facility; 28 CFR §36.201, §36.202, §36.304.

   h.  The mirror in the accessible family bathroom is too high for a person in a wheelchair to see themselves. This is in violation of section 603.3 of the 2010 Standards for Accessible Design. This condition made difficult for the Plaintiff access the facility; 28 CFR §36.201, §36.202, §36.304.

   i.  The gate entry/exits operable hardware to gain access to enter the pool is out of reach to a person in a wheelchair. This is in violation of section 404.2.7 of the 2010 Standards for Accessible Design: 28 CFR §36.201, §36.202 §36.304. This condition denied the Plaintiff access to areas in and around the pool.

   j.  The opening of the baby changer in the pool accessible toilet compartment is out of reach to a person in a wheelchair. This is in violation of section 309 of the 2010 Standards for Accessible Design. This condition made difficult for the Plaintiff access the facility; 28 CFR §36.201, §36.202, §36.304.

  k. The hook on the accessible compartment door in the pool accessible bathroom is out of reach to a person in a wheelchair. This is in violation of section 603.4 of the 2010 Standards for Accessible Design. This condition made difficult for the Plaintiff access the facility; 28 CFR §36.201, §36.202, §36.304.

  l. The mirror in the pool accessible bathroom is too high for a person in a wheelchair to see themselves. This is in violation of section 603.3 of the 2010 Standards for Accessible Design. This condition made difficult for the Plaintiff access the facility; 28 CFR §36.201, §36.202, §36.304.

  m. The pool lift is not in its proper location by the deck. This is in violation of section 1009.2.1 of the 2010 Standards for Accessible Design. 28 CFR §36.304. This condition denied the Plaintiff to independently access any of the pool lifts at the facility.

  n. The pool lift is not capable of unassisted operation from both the deck and water levels. This is in violation of section 1009.2.7 of the 2010 Standards for Accessible Design. 28 CFR §36.304. This condition denied the Plaintiff to independently access any of the pool lifts at the facility.

  o. The key card on the glass door is out of reach and does not stay open long enough for a person in a wheelchair to tap the keypad and then enter the room. This is in violation of section 404.2.7 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

  p. The elevator keypad is out of reach to a person who must use a wheelchair. This is in violation of sections 407.2.1.1 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the pad.

  q. Additional maneuvering clearance is not provided in the ice room alcove to access the ice machine and then exit the space. This is in violation of sections 305.7 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

  r. A maneuvering clearance is not provided by the ice room door to exit the room. This is in violation of sections 404.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

  s. In the gym toilet compartment an object is mounted to close to the side grab bar by the water closet. This is in violation of section 609.3 of the 2010 Standards for Accessible Design. This condition made difficult for the Plaintiff access the facility; 28 CFR §36.201, §36.202, §36.304.

  t. Handrails are not provided on both sides of the stairways. This is in violation of section 504.6 of the 2010 Standards for Accessible Design: 28 CFR §36.304.

  u. The stairways handrails do not extend at the slope of the stair flight for a horizontal distance at least equal to one tread depth beyond the last riser nosing. This is in violation of section 505.10.3 of the 2010 Standards for Accessible Design: 28 CFR §36.304.

  v. Appropriate stairways handrail extensions are not provided. This is in violation of section 505.10 of the 2010 Standards for Accessible Design: 28 CFR §36.304.

  w. In the accessible guestroom, #314 a turning space is not provided to access the window control. This is in violation of section 806.2.6 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

  x. In the accessible guestroom, #314 a turning space is not provided to access the HVAC. This is in violation of section 806.2.6 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

  y. In the accessible guestroom, #314 a forward reach is not provided over the middle night table to access the lights. This is in violation of section 308.2 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

  z. In the accessible guestroom #314, which hotel deemed an accessible guestroom, the water closet is too close to the side wall. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

aa. In the accessible guestroom #314, which hotel deemed an accessible guestroom, the toilet paper dispenser is improperly positioned by the water closet. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

bb. In guestroom #314, which hotel deemed an accessible guestroom, the mirror in the accessible guest bathroom is too high. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

cc. In guestroom #207, which hotel deemed an accessible guestroom, the shower spray unit in the roll-in shower does not have an on/off control with a non-positive shut-off. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

dd. In guestroom #314, which hotel deemed an accessible guestroom, items in the guestroom and bathroom are out of reach to a person who needs to use a wheelchair. This is in violation of sections 308, 309, 404, 806 and 811of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the Plaintiff to use the facilities.

ee. The hotel does not provide the required amount of compliant accessible guest rooms, and the accessible rooms are not dispersed among the various classes of accommodations. This is in violation of section 224 of the 2010 Standards for Accessible Design. 28 CFR §36.304. This denies to Plaintiff the full and equal opportunity to stay at the subject hotel. 28 CFR §36.302(e)(1).

ff. The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR §36.211.

11. All of the foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines, and the 2010 ADA Standards for Accessible Design (ADAAG), as promulgated by the U.S. Department of Justice.

12. The discriminatory violations described in paragraph 10 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of

7

public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

13. Defendant has discriminated against the individual by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

14. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction.

Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

15. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1993, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

16. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

17. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter The Art Ovation Hotel to make those facilities readily accessible to and useable by the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA. The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis, and to require the institution of a policy that requires Defendant to maintain its accessible features.

18. Prior to the filing of this lawsuit, Plaintiff's counsel conducted a thorough PACER search to determine whether prior ADA cases had been filed in the Middle District of Florida against the instant property, and failed to encounter any related ADA cases.

**WHEREFORE,** Plaintiff respectfully requests:

    a.    The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

    b.    Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals.

    c.    An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

    d.    Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

## COUNT II
### Negligence

19. Plaintiff realleges all allegations heretofore set forth.

20. Defendant, through its activities and past ventures and experience, knew or reasonably should have known its duties to the impaired. Defendant had a duty to Plaintiff to remove ADA accessibility barriers, and adopt policies and procedures, as mandated by the ADA, so that Plaintiff, as a disabled individual would have full and equal access to the subject public accommodation.

21. Defendant breached this duty.

22. Defendant is or should be aware that, historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem.

23. Discrimination against individuals with disabilities persists in the use and enjoyment of public accommodations.

24. The Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals.

25. The ADA has been the law of the land since 1991, but Defendant has negligently denied Plaintiff her civil rights by maintaining architectural barriers that preclude the Plaintiff from the full and equal use of the subject premises, and that endangered and continues to endanger Plaintiff's safety. This negligent conduct of the Defendant has also caused Plaintiff damage by virtue of segregation, discrimination, relegation to second class citizen status and the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial.

**WHEREFORE,** Plaintiff prays for relief, as follows:

    A.    For finding of negligence; and

    B.    For damages in an amount to be proven at trial; and

    C.    For such other and further relief as the Court may deem just and proper.

Dated:   February 4, 2021                          Respectfully submitted,

*/s/   Lawrence A. Fuller*
Lawrence A. Fuller, Esq. (FBN 0180470)
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
lfuller@fullerfuller.com

*Attorney for Plaintiff Helen Swartz*